UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:15-cv-74-EBA

WENDELL DAWAYNE STURGILL,                                                      PLAINTIFF,

v.                          **MEMORANDUM OPINION
                            AND ORDER**

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,                                        DEFENDANT.

## I. INTRODUCTION

Plaintiff Wendell Dawayne Sturgill brings this action under 42 U.S.C. § 405(g) to challenge the Defendant Commissioner's final administrative decision denying his claim for disability insurance benefits (DIB). Now ripe for decision on the parties' cross-motions for summary judgment, and for the reasons set forth herein, the Plaintiff's Motion for Summary Judgment [R. 18] is denied, Defendant's Motion for Summary Judgment [R. 19] is granted, and Judgment is entered affirming the Commissioner's final decision.

## II. BACKGROUND

Following his consideration of Plaintiff's claim under the Social Security Administration's five-step sequential evaluation process, see 20 C.F.R. § 404.1520, the Administrative Law Judge (ALJ) concluded on April 17, 2014, that Plaintiff was not entitled to DIB. [Tr. 55]. The ALJ considered Plaintiff's claim through the date he was last insured, December 31, 2013, noting that Plaintiff "must establish disability on or before that date in order to be entitled to a period of

1

disability and disability insurance benefits." [Tr. 58]. Addressing Plaintiff's claims of disability related to back pain, shoulder pain, knee pain, and mental health issues from a childhood trauma, the ALJ concluded that:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ."

[Tr. 64]. The ALJ therefore did not deny that Plaintiff had medical issues, he simply found that the level of limitation alleged by Plaintiff was exaggerated as evidenced by his treatment history and the lack of advanced problems, such as significant spinal degeneration or debilitating pain, in the record. [See, e.g., Tr. 65, 68]. Specifically, the ALJ found it significant that Plaintiff's medical records show that he had at times noted low levels of pain (such as a "2 out of 10") and refused steroid injections on his knee and shoulder. [Tr. 65]. Further undermining Plaintiff's claims of pain were his failures to seek treatment of his conditions—for example, the ALJ found it significant that Plaintiff had not received surgery, physical therapy, or chiropractic treatments on his back. [Tr. 67]. Likewise, the ALJ found that Plaintiff's claims of mental health issues were overstated because he never received any ongoing therapy or counseling, much less exhibited extreme symptoms requiring hospitalization. [Tr. 67]. In sum, the ALJ noted that Plaintiff's claims of pain were not fully credible because, although he "alleged debilitating pain . . . the level of treatment that he has received does not support his allegations." [Tr. 68]. The ALJ ultimately decided that Plaintiff was not under a disability as defined by the Social Security Act at any time from his alleged onset date of July 7, 2008, to December 31, 2013, the date he was last insured. [Tr. 70].

Following the adverse decision of the ALJ, Plaintiff properly exhausted his administrative remedies by appealing to the Social Security Appeals Council, which denied Plaintiff's request for

2

review, thereby finalizing the ALJ's decision. [Tr. 1-4]. On August 10, 2015, Plaintiff initiated the present action by filing his Complaint in this Court. [R. 1]. The parties then prepared and submitted cross-motions for summary judgment pursuant to the Court's instruction. [R. 15]. On February 29, 2016, the motions became ripe for decision.

### III. STANDARD OF REVIEW

A reviewing court must uphold the findings of the ALJ if they are supported by substantial evidence. 42 U.S.C. § 405(g); see also Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981). The Sixth Circuit has held that "substantial evidence exists when a reasonable mind might accept the relevant evidence as adequate to support a conclusion." Warner v. Comm'r of Soc. Sec. Admin., 375 F.3d 387, 390 (6th Cir. 2004) (internal citations and quotation marks omitted). The scope of judicial review is limited to the record itself, and the reviewing court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993). Moreover, the Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).

The limited nature of substantial evidence review prevents the reviewing court from substituting its judgment for that of the ALJ. Rather, so long as substantial evidence exists, the reviewing court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion." Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005) (internal citations and quotation marks omitted). Sixth Circuit

3

precedent suggests that a finding of "no substantial evidence" would be appropriate in situations where the ALJ ignores uncontested, compelling evidence for one side, makes no express findings on witness credibility, and makes a ruling based on facts with "little if any evidentiary value." Noe v. Weinberger, 512 F.2d 588, 596 (6th Cir. 1975); see also Glass v. Sec'y of Health, Educ. & Welfare, 517 F.2d 224 (6th Cir. 1975). Otherwise, if there is substantial evidence to support the ALJ's decision, "it must be affirmed even if the reviewing court would decide the matter differently." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994).

## IV. ANALYSIS

The Plaintiff raises two arguments in his motion for summary judgment:

1. The Appeals Council erred in failing to review the record in light of additional evidence supplied to the council after the hearing and reverse, or return to the ALJ for a follow-up hearing to review in light of new evidence.

2. The ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence.

[R. 18-1 at 2]. For the reasons discussed below, each of these arguments is without merit, and the decision of the ALJ is affirmed.

**I. The Appeals Council properly declined to reverse or remand the case to the ALJ in light of any new evidence it received.**

First, Plaintiff argues that the Appeals Council erred by failing to review and reverse based on the new evidence tendered after the ALJ's decision was issued in April 2014. In support of that claim, Plaintiff argues that the submitted new evidence shows that Plaintiff's medical impairments are sufficient to cause the symptoms about which he complained. Plaintiff submits that, after the ALJ's decision, he had MRI testing performed on his left shoulder, left knee, and spine at the

4

Whitesburg Appalachian Regional Healthcare (ARH). [R. 18-1 at 10]. The MRIs were performed in early June 2014. Plaintiff also submits that he began participating in physical therapy at ARH in April 2014. [Id.]. He believes that, contrary to the ALJ's determination, these treatments and tests show that his medical impairments "could reasonably be expected to cause the alleged symptoms." [Id.]. Specifically, Plaintiff argues that his new MRIs undermines the ALJ's affording little weight to Dr. Helen O'Donnell's opinions regarding Plaintiff's knee problems. Plaintiff also submits that the MRI of his left knee shows that the ALJ was incorrect in determining that "the magnitude" of Plaintiff's treating physician Dr. Van Breeding's opinions were unsupported by other medical evidence. [See Tr. 67].

By contrast, Defendant points out that the fact that the new evidence was submitted *after* the ALJ's decision takes it out of this Court's and the Appeals Council's consideration for purposes of substantial evidence review. [R. 19 at 8]. Even if the evidence could be considered, Defendant argues that Plaintiff has failed to sufficiently demonstrate that the ALJ's decision was unsupported by substantial evidence.

Under 20 C.F.R. § 404.970(b), if "new and material evidence is submitted," the Appeals Council shall consider the evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). The Sixth Circuit "has repeatedly held that evidence submitted to the Appeals Council after the ALJ's decision cannot be considered part of the record for purposes of substantial evidence review." Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001) (citing Cline v. Comm'r Soc. Sec. Admin., 96 F.3d 146, 148 (6th Cir. 1996)). However, the Court may remand the case for further administrative proceedings if a plaintiff can show that the evidence is "new" and "material" and that he had "good cause" for not

5

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

presenting it in earlier proceedings. Id. at 357. For purposes of a remand under 42 U.S.C. § 405(g), "evidence is only new if it was 'not in existence or available to the claimant at the time of the administrative proceeding.'" Id. (citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). Evidence is "material" only if there is "a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." Id. (citing Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1988)). A plaintiff shows "good cause" by demonstrating a reasonable justification for failing to acquire and present the evidence for inclusion in the ALJ's hearing. Id.

Here, the Appeals Council properly declined to review the matter. Remand from this Court is also inappropriate at this juncture. Under 20 C.F.R. § 404.970(b), the Appeals Council's duty when new and material evidence is submitted is to consider the evidence "only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b). Initially, the Court notes that the ALJ considered Plaintiff's claim through the date he was last insured, December 31, 2013, stating that Plaintiff's burden is to "establish disability *on or before that date* in order to be entitled to a period of disability and disability insurance benefits." [Tr. 58] (emphasis added). It is clear here that the newly submitted evidence came after the ALJ's decision, did not concern the period of time under review, and, as will be discussed, should only be considered on substantial evidence review in this Court under very limited circumstances. See Foster, 279 F.3d at 357.

The ALJ's decision came on April 17, 2014, and the new evidence was not compiled until June 2014. Later, when it reviewed Plaintiff's case in May 2015, the Appeals Council had the benefit of the new MRIs and physical therapy evidence proffered by Plaintiff and noted that the

6

evidence came outside the period of time being considered by the ALJ. Specifically, the Appeals Council wrote in its opinion that:

> We also looked at medical evidence from [ARH], dated April 28, 2014 to June 3, 2014. The [ALJ] decided your case through December 31, 2013, the date you were last insured for disability benefits. *This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits.*

[Tr. 2 (emphasis added)]. At that point in time, the Appeals Council had no obligation to overturn or reopen the hearing before the ALJ because Plaintiff's new evidence did not "relate[] to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. § 404.970(b). The Appeals Council then advised Plaintiff of his right to file a new application. [Tr. 2]; see 20 C.F.R. § 404.976(b). This action followed.

Furthermore, pursuant to 42 U.S.C. § 405(g), this Court may only remand the Plaintiff's case back for administrative proceedings if Plaintiff can demonstrate both good cause and the new evidence's materiality as those terms are defined in applicable law. See 42 U.S.C. § 405(g); Foster, 279 F.3d at 357. Even assuming that the evidence is "new" and should have been considered by the Appeals Council before the ALJ's decision became final, Plaintiff merely argues that the new evidence "support[s]" the Plaintiff's claimed limitations, and does not assert that the new evidence is so material that it demonstrates "a reasonable probability" that the ALJ "would have reached a different disposition of the disability claim if presented with the new evidence." Foster, 279 F.3d at 357. Claiming that new evidence, if considered and timely, would "support" a different conclusion is insufficient to demonstrate the ALJ opinion's lack of substantial evidence, much less the Appeals Council's obligation to reverse the decision or return the matter to the ALJ to receive new evidence. See Longworth, 402 F.3d at 595. That the new evidence could "support" an opposite

conclusion certainly does not meet the standard for remand under § 405(g) over and above the Appeals Council's denial.

Given that new evidence-related remand is inappropriate, the Court further notes that the Appeals Council followed the plain letter of the law under 20 C.F.R. §§ 404.970(b) and 404.976(b) and therefore did not err by stating that the new evidence would "not affect" the record on review of the ALJ's decision. [Tr. 2]. Again, the ALJ considered Plaintiff's claim only through the date he was last insured, December 31, 2013, and the new evidence from June 2014 did not go toward "establish[ing] disability on or before that date." [Tr. 58]. Because the Court's primary duty here is to review the Appeals Council's decision regarding "only the question of conformity with [Social Security] regulations," 42 U.S.C. § 405(g), the undersigned finds no error in the Appeals Council's treatment of the proffered new evidence.

## II. The ALJ's decision that Plaintiff was not disabled was supported by substantial evidence.

Next, Plaintiff argues that the ALJ's determination that Plaintiff is not disabled lacks substantial evidence. [R. 18-1 at 13]. Plaintiff sets out the standard for substantial evidence review and makes only one claim: that, when the case is considered in its entirety, Plaintiff "could not perform a wide range of even sedentary work on a regular and sustained basis." [R. 18-1 at 14]. Defendant responds that this "generic argument" is waived due to its being raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation." [R. 19 at 7] (citing United States v. Elder, 90 F.3d 1110, 1118 (6th Cir. 1996)). The undersigned agrees. Unfortunately, because Plaintiff's brief on this point is less than "some effort at developed argumentation" it is perfunctorily waived. See Elder, 90 F.3d at 1118; Kennedy v. Comm'r Soc. Sec. Admin., 87 F. App'x 464, 466 (6th Cir. 2003) (applying the Elder rule in the social security context).

8

Even if the argument were not waived, it provides no relief. As noted above, the Plaintiff seems to believe that the newly submitted evidence supports different conclusions such that the ALJ's determination should be overturned as not being supported by substantial evidence. However, the ALJ's decision should be affirmed so long as there is evidence adequate to support his conclusion, even if there is evidence that could support the opposite conclusion. Longworth v. Comm'r Soc. Sec. Admin., 402 F.3d 591, 595 (6th Cir. 2005). A thorough review of the ALJ's well-documented decision shows that he weighed the evidence before him, highlighted areas where doctor's notes called into question Plaintiff's claims, and made explicit credibility findings before concluding that Plaintiff's claims were overstated given his willingness to manage what pain he did have with little treatment. [See, e.g., Tr. 65-68]. This approach properly sets out a decision supported by substantial evidence. See Norris v. Comm'r Soc. Sec. Admin., 461 F. App'x 433, 438 (6th Cir. 2012) (finding an ALJ's decision was supported by substantial evidence when ALJ "identified specific facts supported by the record cast doubt on the severity of the disabilities as described by [claimant]"). Moreover, given that proper administrative procedures were followed below as to the newly submitted evidence, the Court will not substitute, *de novo*, its own judgment for the ALJ's findings. See Norris, 461 F. App'x at 437 (citing Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011)); see also Hogg v. Sullivan, 987 F.2d 328, 331 (6th Cir. 1993).

V. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Plaintiff's Motion for Summary Judgment [R. 18] be **DENIED**, the Defendant Commissioner's Motion for Summary Judgment [R. 19] be **GRANTED**, and that Judgment is entered affirming the final decision of the

9

Commissioner.

Signed May 23, 2016.



10